UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Alexander Soler,<br>    Plaintiff,<br><br>        v.<br><br>Carolyn Colvin, Acting Commissioner of<br>the Social Security Administration,<br>    Defendant. | No. 3:13cv1659 (SRU) |

### RULING ON PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S RECOMMENDED RULING

Plaintiff Alexander Soler appealed from the adverse decision of the Commissioner of Social Security denying his applications for a period of disability insurance benefits and supplemental security income. On March 3, 2015, U.S. Magistrate Judge William I. Garfinkel issued a recommended ruling (the "Recommended Ruling") recommending that the decision of the Commissioner be affirmed (doc. # 22). Soler timely filed an objection to portions of the Recommended Ruling on March 17, 2015 (doc. # 23). For the reasons set forth below, Soler's objection is rejected. The Recommended Ruling is adopted and the decision of the Commissioner is affirmed.

### I. Background

The court assumes the parties' familiarity with the underlying facts. A full statement of the relevant facts can be found in Magistrate Judge Garfinkel's Recommended Ruling. *See* Recommended Ruling, *Soler v. Colvin*, 3:13-cv-1659 (doc. # 22).

### II. Standard of Review

"In the face of an objection to a Magistrate Judge's recommended ruling, the [d]istrict [c]ourt makes a *de novo* determination of those portions of the recommended ruling to which an

1

objection is made." *Smith v. Barnhart*, 406 F. Supp. 2d 209, 212 (D. Conn. 2005); *see also Burden v. Astrue*, 588 F. Supp. 2d 269, 271 (D. Conn. 2008).  The court may adopt, reject, or modify, in whole or in part, the Magistrate Judge's recommended ruling. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

A district court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  Judicial review of the Commissioner's decision is limited.  *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).  It is not the court's function to determine *de novo* whether the claimant was disabled.  *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  Rather, the court must review the record to determine first whether the correct legal standard was applied and then whether the record contains substantial evidence to support the decision of the Commissioner. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...."); *see Bubnis v. Apfel*, 150 F.3d 177, 181 (2d Cir. 1998); *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998).

When determining whether the Commissioner's decision is supported by substantial evidence, the court must consider the entire record, examining the evidence from both sides. *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  Substantial evidence need not compel the Commissioner's decision; rather substantial evidence need only be evidence that "a reasonable mind might accept as adequate to support [the] conclusion" being challenged. *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002) (internal quotation marks and citations omitted). "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are

supported by substantial evidence." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (internal quotation marks and citation omitted).

**III.   Discussion**

Soler raises five objections to Magistrate Judge Garfinkel's Recommended Ruling: (1) the ruling incorrectly finds Soler's post-traumatic stress disorder ("PTSD") to be non-severe; (2) the ruling errs in finding Soler's asthma to be "mild and intermittent"; (3) the ruling erroneously accepts the ALJ's determination that Soler's migraines are controlled; (4) the ruling incorrectly concludes that Soler's treating physicians are not entitled to controlling evidentiary weight; and (5) the ruling erroneously finds that Soler does not meet Listing 12.06.  Those objections are considered, in turn.

      A.   PTSD

Soler asserts that there is ample evidence in the record that he has severe PTSD and the Recommended Ruling erroneously downplays the severity of his PTSD.  *See* Objection 1-2. Judge Garfinkel's ruling, however, does not dispute the severity of Soler's PTSD.  Rather, Judge Garfinkel affirmed the Commissioner because the record is devoid of evidence demonstrating that Soler's PTSD causes *work-related* limitations.  Recommended Ruling 18.  A diagnosis of PTSD, in itself, "says nothing about the severity of the impairment, or any limitations it may cause."  *Id.* (citing *Burrows v. Barnhart*, No. CIV 3:03CV342 (CFD)(TPS), 2007 WL 708627, at *6 (D. Conn. Feb. 20, 2007)).  Absent evidence that Soler's PTSD interfered with his ability to perform substantial gainful activity, there is no cause to reverse the ALJ's decision.  *See id.*  The Recommended Ruling is approved and adopted in this regard.

### B. Asthma

Soler next objects to the finding in the Recommended Ruling that his asthma is "mild and intermittent." He argues that he has been treated with various asthma medications,[1] including Prednisone, a "powerful steroid." Objection 2. Yet, the fact that Soler was once prescribed Prednisone does not necessarily indicate that his asthma is severe. As the Recommended Ruling notes "[t]here is substantial evidence in the record to support a finding of Plaintiff's asthma as non-severe." Recommended Ruling 18. Soler's asthma repeatedly has been described as "well controlled," both by himself and his physicians (R. 659, 1081, 1083). An October 2009 MRI came back normal, showing that Soler's lungs were clear (R. 664) and his lungs were again noted to be normal without any wheezing present in December 2009 (R. 754). His asthma was characterized as "mild" in March 2010 and his doctor "stepped down" his asthma medication (R. 1083). An examination in October 2012 likewise was normal (R. 1147-48).

In sum, the bulk of the evidence indicates that although Soler has asthma, it is well managed and has not regularly interfered with his ability to live a normal life. There is substantial evidence to support the ALJ's decision regarding the severity of Soler's asthma and the Recommended Ruling is approved and adopted in this respect.

### C. Migraines

Third, Soler argues that the ALJ erroneously concluded, and the Recommended Ruling erroneously accepted, that his headaches were controlled by medication. Again, there is substantial evidence that supports the ALJ's finding. Although he has frequent migraines for which he has repeatedly sought treatment (R. 650-57, 758-59, 910-12, 1041-48), Soler himself testified at his 2010 hearing that the medication he took for his migraines significantly alleviated

---

[1] Soler regularly has been prescribed Albuterol (Ventolin), Advair, and Singulair, alone or in combination (R. 374, 378, 407, 413, 619, 649, 1050, 1142-44, 1188, 1191).

the pain (R. 911-12).  Treatment notes from the same period confirm that his headaches were improving with medication (R. 1045).  Moreover, as the ALJ noted, the record does not indicate that Soler's migraines regularly prevented him from going to work (R. 20).  Thus, there is substantial evidence to support the ALJ's finding regarding Soler's migraines.  The Recommended Ruling is approved and adopted in this respect.

        D.  <u>Weight Assigned to Treating Physicians</u>

Soler next asserts that the Recommended Ruling erroneously adopts the ALJ's finding that the opinions of his treating physicians are not entitled to controlling evidentiary weight.  Soler rejects the ALJ's finding that the opinions of his treating physicians were not supported by their own records.  Objection 4.

Under the "treating physician rule," a treating physician's opinion on the issues of the nature and severity of a claimant's impairments is given "controlling weight" if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).  The opinion of a treating source will not be afforded controlling weight, however, where the treating physician "issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts."  *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  "[T]he less consistent th[e] opinion is with the record as a whole, the less weight it will be given."  *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999).

In circumstances where the treating physician's opinion is not entitled to receive "controlling" weight, the regulations require the ALJ to consider several factors to determine

how much weight the physician's opinion should receive. *Halloran*, 362 F.3d at 32. Those factors include: "(i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion." *Id.*; 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). The ALJ must set forth his or her reasons for the weight assigned to a treating physician's opinion in the notice of determination. *Id.* Failure to provide sufficient reasons for not crediting the opinion of a claimant's treating physician is a ground for remand. *Sanders v. Comm'r of Soc. Sec.*, 506 F. App'x 74, 77 (2d Cir. 2012); *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008); *Snell*, 177 F.3d at 133.

The Recommended Ruling correctly sets forth the "treating physician rule" and correctly concludes that the ALJ applied the rule accurately in this case. Recommended Ruling 20-21. The ALJ thoroughly explained why he did not fully credit the treating physicians' opinions that Soler's mental and physical limitations precluded him from working. Those reasons are persuasive, relying upon notes that show Soler working and enjoying life and that demonstrate improvements in his condition; the record undercuts the argument that Soler faced serious limitations (R. 7, 20-21). The ALJ was therefore entitled to give substantial weight to the State agency medical and psychological consultants, because the opinions of the treating physicians conflicted with the evidence in the record while the consultants' opinions were consistent with the record. *Id.* at 21 n.2 (citing *Cyr v. Astrue*, No. 3:10-CV-1032 CFD TPS, 2011 WL 3652493, at *11 (D. Conn. Aug. 19, 2011)); *see also O'Grady v. Astrue*, No. 3:10CV1704 MRK WIG,

2012 WL 3727220, at *19 (D. Conn. Jan. 9, 2012)).  There is no error and the Recommended Ruling is approved and adopted in this regard.

  E. <u>Listing 12.06</u>

Finally, Soler claims that his PTSD meets all the requirements of Listing 12.06. Objection 5-6.  The burden of proof is on the plaintiff to present evidence he satisfies all of the Listing requirements.  *See Ruiz v. Apfel*, 26 F. Supp. 2d 357, 367 (D. Conn. 1998). "For a claimant to show that [an] impairment matches a listing, it must meet all of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

To meet the requirements of Listing 12.06, Plaintiff must show medically documented evidence of:

> A: Medically documented findings of at least one of the following:
> . . .
> (5): Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;
> AND
> B: Resulting in at least two of the following: (1) Marked restriction of activities of daily living; or (2) Marked difficulties in maintaining social functioning; or (3) Marked difficulties in maintaining concentration, persistence, or pace; or (4) Repeated episodes of decompensation, each of extended duration.
> OR
> C: Resulting in complete inability to function independently outside the area of one's home.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.06.

The Recommended Ruling found that Soler failed to meet his burden for two reasons.  First, he did not cite any evidence in the record establishing that he met the requirements of Listing 12.06.  Second, the ALJ thoroughly analyzed the Listing 12.06 requirements.  His conclusion that neither paragraph B nor paragraph C was met was supported with evidence from the record, including Soler's own testimony about his work

at Wendy's.  Recommended Ruling 24-26 (citing *Morrow v. Astrue*, No. 8:09-cv-0992 (LEK/GHL), 2010 WL 3259988, at *6 (N.D.N.Y. July 30, 2010).  Magistrate Judge Garfinkel also undertook his own analysis of the record and concluded that the medical evidence supported the ALJ's findings.  *See id.* at 25-26.  I perceive no error in Judge Garfinkel's conclusions and find that there is substantial evidence that Soler failed to meet the requirements of paragraphs B and C.  Thus, the Recommended Ruling is adopted in this regard as well.

### IV. Conclusion

For the foregoing reasons, the Recommended Ruling of March 3, 2015 is APPROVED and ADOPTED.  The decision of the Commissioner is AFFIRMED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 21st day of August 2015.

/s/ Stefan R. Underhill  
Stefan R. Underhill  
United States District Judge